IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**FREDERICK BANKS, #05711-068**                                              **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO. 5:08-cv-233-DCB-MTP**

**BRUCE PEARSON AND**
**FEDERAL BUREAU OF PRISONS**                                              **DEFENDANTS**

MEMORANDUM OPINION AND ORDER

This cause comes before this Court *sua sponte* for consideration of dismissal. On July 14, 2008, an order was entered denying the prisoner Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g)[1] and requiring Plaintiff to pay the full filing fee, within thirty days. The Plaintiff was warned that his failure to pay the filing fee in a timely manner would result in the dismissal of this case without further written notice.

On September 12, 2008, this Court entered an order directing the Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's order of July 14, 2008. In addition, Plaintiff was directed to comply with this Court's order of July 14, 2008, by paying the full filing fee, within twenty days. The Plaintiff was warned in this Court's order of September 12, 2008, that failure to timely comply with the requirements of the order would result in this cause being dismissed. Plaintiff has failed to comply with this order. Since the Plaintiff has failed to pay the filing fee, thereby failing to comply with the Court's orders of July 14, 2008 and September 12, 2008, this case will be dismissed.

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Fed.R.Civ.P.41(b) and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Plaintiff has not complied with two court orders and has not contacted the Court regarding this case since July 8, 2008. The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under Fed.R.Civ.P.41(b) is proper. Since the Defendants have never been called upon to respond to the Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's complaint shall be dismissed without prejudice. A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

This the __6th__ day of November, 2008.

                                              s/ David Bramlette
                                       UNITED STATES DISTRICT JUDGE